UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**WAYNE R. WERTH**                                                                  **PETITIONER**

v.                                                     **CIVIL ACTION NO. 1:23-CV-163-CRS**

**UNITED STATES OF AMERICA,**                              **RESPONDENT**
**FEDERAL BUREAU OF PRISONS**

## **MEMORANDUM**

Petitioner Wayne R. Werth initiated this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [DN 1]. The Clerk of Court issued a notice of deficiency [DN 3] directing Petitioner either to pay the $5.00 filing fee or to file an application to proceed without prepayment of fees along with a certified copy of his prison trust account statement. The 30-day compliance period expired without a response from Petitioner. The Court then ordered Petitioner to either pay the $5.00 filing fee <u>or</u> file an application to proceed without prepayment of fees and affidavit form along with a certified copy of his prison trust account statement for the six-month period preceding the filing of the petition. [DN 4]. The Court warned Petitioner that failure to comply with the Order would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. Petitioner did not comply with the Order, and the time to do so has passed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded

to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (cleaned up). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff has failed to comply with a straightforward order of this Court, despite being warned that dismissal would occur without compliance, the Court will dismiss this action by separate Order.

Date: March 21, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4411.014